SUNBEAM CORP. v. CIVIL SERVICE EMPLOYEES' CO–OPERATIVE ASS'N.

No. 10344.

United States Court of Appeals, Third Circuit.

Reargued Oct. 15, 1951.

Decided Nov. 1, 1951.

Writ of Certiorari Denied Jan. 7, 1952.

See 72 S.Ct. 303.

James P. McCormick, Philadelphia, Pa., for appellant.

C. Russell Phillips, Philadelphia, Pa. (Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., Herman T. Van Mell, Chicago, Ill., on the brief), for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This case, like the companion litigation in Sunbeam Corporation v. S. A. Wentling, 3 Cir., 192 F.2d 7, (opinion filed herewith), makes its second appearance in this Court following the Supreme Court decision in Schwegmann Brothers v. Calvert Distiller's Corp., 1951, 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035. Our earlier decision is reported in 3 Cir., 187 F.2d 768.

We need not repeat here what was said in the earlier discussion nor what has been said in the companion case to which reference has just been made. The only new point we have in this case, and that Sunbeam urges strongly, is that the defendant association conducts only local business and, therefore, its sales are all intra-state. Since they are intra-state, the argument runs, Congressional action or inaction has nothing to do with the situation and the state fair trade law controls. Since the state fair trade law imposes the obligation to maintain prices upon non-signers as well as upon signers, the defendant association must, therefore, be enjoined from violating the state law. It is argued that even if goods come from without the state, when they have come to rest here they are no longer in interstate commerce and are, therefore, subject to the state law in every respect. Many decisions are cited to this effect including our well-known friend, Schechter Corp. v. United States, 1935, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570.

One of the troubles with this argument is that it is directly contrary to the result reached by the Supreme Court in Schwegmann Brothers v. Calvert Distiller's Corp. There the whiskey was manufactured in Maryland and was sent to distributors in Louisiana. These distributors sold some of it to retailers in Louisiana among whom were Schwegmann Brothers. They sold the liquor in their store to local buyers. Where the consumption took place we do not know but at any rate the local retail sales were in Louisiana. Those are the same facts as found in the present case. If the fair trade acts do not help Calvert to maintain the retail prices on whiskey in over-the-counter sales in Louisiana, they certainly cannot help Sunbeam to maintain the price of razors in over-the-counter sales in Philadelphia.[1]

The reason is clear. It is the interstate character of Sunbeam's commerce that is crucial and governing for it is Sunbeam's price fixing scheme which constitutes a trade restraint. This is the plan Sunbeam seeks to make nation-wide by enforcing the non-signer provisions of local law in each of the states where a fair trade act has been established. This marketing plan is quite similar to the one struck down by the Supreme Court in Dr. Miles Medical Co. v. Park & Sons Co., 1911, 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502, where the pressure was applied against local stores making local sales.

The judgment of the District Court is reversed and the case remanded with direction to enter judgment for the defendant.

---

1. In all material respects, the Louisiana statute involved in the Schwegmann case is similar to the Pennsylvania statute involved here. See La.Gen.Stat., §§ 9809.1 et seq., LSA—RS 51:391 et seq., and Act of June 5, 1935, P.L. 266, §§ 1–5, as amended, 73 Purdon's Pa.Stats.Ann. §§ 7–10.